Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

FILED12 DEC '11 14:09USDC-ORP

**ORIGINAL**

R. Charles Henn Jr., chenn@kilpatricktownsend.com
Charles H. Hooker III, chooker@kilpatricktownsend.com
Nichole Davis Chollet, nchollet@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS AG**, <br><br> Plaintiffs, <br><br> v. <br><br> **SHOE SHOE EXPRESS, INC.**, d/b/a **SQUADRA USA**, and **LUIS A. GONZALEZ**, individually and d/b/a **SQUADRA USA**, <br><br> Defendants. | **CV'11 – 1501 AC** <br> No. _____ <br><br> **COMPLAINT** <br><br> (Counterfeiting, Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices) <br><br> **DEMAND FOR JURY TRIAL** |

# 44342

1-   COMPLAINT

21184-0096/LEGAL22283428.1

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendants Shoe Shoe Express, Inc., doing business as Squadra USA, and Luis A. Gonzalez, individually and doing business as Squadra USA (collectively, "Defendants").

## I.   INTRODUCTION

1.      This is an action at law and in equity for counterfeiting, trademark infringement and dilution, unfair competition, and unfair business practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of several states; the unfair business practices and unfair and deceptive trade practices acts of several states; and the common law.

2.      For decades, adidas has manufactured, sold, and promoted apparel bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"). As identified below, adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark for apparel, and adidas has invested millions of dollars building its brand in connection with the Three-Stripe Mark.

3.      adidas also has for many years manufactured, sold, and promoted apparel bearing its famous and distinctive "3-Bars Logo," which is a design mark that was inspired by the Three-Stripe Mark. As identified below, adidas owns numerous incontestable federal trademark registrations for its 3-Bars Logo for apparel, and adidas has invested millions of dollars building its brand in connection with the 3-Bars Logo.

4.      Despite Defendants' knowledge of adidas's rights in the famous Three-Stripe Mark and 3-Bars Logo, Defendants are designing, sourcing, manufacturing, importing, distributing, marketing, promoting, offering for sale, and/or selling apparel bearing counterfeit and/or confusingly similar imitations of adidas's federally registered Three-Stripe Mark and 3-Bars Logo, including the apparel depicted below:

2-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0096/LEGAL22283428.1

 

5.      Defendants' apparel is not manufactured by adidas, nor are Defendants connected, affiliated, or associated with, or authorized by, adidas in any way.  Defendants' merchandise is likely to cause consumer confusion, deceive the public regarding its source, and dilute and tarnish the distinctive quality of adidas's Three-Stripe Mark and 3-Bars Logo.

6.      Among other relief, adidas asks this Court to:  (a) preliminarily and permanently enjoin Defendants from marketing or selling apparel bearing counterfeit and/or confusingly similar imitations of the Three-Stripe Mark and 3-Bars Logo; (b) award adidas monetary damages and to treble that award; (c) require Defendants to disgorge all profits from sales of their infringing apparel; and (d) award adidas punitive damages, attorneys' fees, and costs.

## II.      JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

8.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants imported, distributed, offered for sale, sold, and/or shipped merchandise to persons within the State of Oregon, Defendants transact and conduct business within this State, or have otherwise made or established contacts within this State sufficient to permit the exercise of personal jurisdiction.  For example, Defendants shipped three-stripe counterfeit and infringing apparel to a customer in Oregon as recently as December 2, 2011.

3-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

9.      The District of Oregon is the proper venue for this action pursuant to 28 U.S.C.

§ 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims

occurred in this District.

## III.    PARTIES

10.     Plaintiff adidas AG is a joint stock company organized and existing under the

laws of the Federal Republic of Germany, having its office and principal place of business at

Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

11.     Plaintiff adidas America, Inc. is a corporation organized and existing under the

laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue,

Portland, Oregon 97217. adidas America, Inc. is responsible for the marketing, distribution, and

sale in the United States and Canada of all ADIDAS-branded merchandise, including goods

bearing the distinctive Three-Stripe Mark and 3-Bars Logo. adidas AG and adidas America,

Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

12.     On information and belief, Defendant Shoe Shoe Express, Inc. ("SSE") is doing

business as and under the name Squadra USA ("Squadra"). On information and belief, SSE and

Squadra have their principal place of business at 4242 S.W. 74th Avenue, Miami, Florida 33155.

13.     On information and belief, Defendant Luis A. Gonzalez is an individual doing

business as Squadra USA, which has its principal place of business at the address provided in the

preceding paragraph. On further information and belief, Mr. Gonzalez authorized, directed,

and/or participated in the counterfeiting and infringing activities of SSE and Squadra described

in this Complaint.

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.     adidas is currently, and for years has been, one of the world's leading designers

and producers of athletic footwear, sportswear, and sporting equipment. Over sixty years ago,

adidas AG first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

15.   At least as early as 1967, adidas began using the Three-Stripe Mark on apparel sold in the United States and worldwide. Pages from adidas catalogs featuring apparel bearing the Three-Stripe Mark are attached as **Exhibit 1**.

16.   adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the United States Patent and Trademark Office ("PTO") on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

17.   adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

        18.    adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

        19.    adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

20.    adidas is the owner of a federal trademark registration, Reg. No. 870,136, issued by the PTO on May 27, 1969, for the Three-Stripe Mark, as depicted below, for "athletic training suits."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

21.    adidas also owns numerous additional trademark registrations, a number of which are incontestable, for the Three-Stripe Mark covering various items of apparel and footwear, including Reg. Nos. 961,353, 1,815,956, 1,833,868, 2,016,963, 2,909,861, 2,278,589, 2,284,308, 2,999,646, 3,029,135, 3,029,129, 3,183,656, and 3,236,505. Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 7**.

22.    Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes," including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

23.    More than twenty years ago, adidas adopted the 3-Bars Logo, as depicted below, which was inspired by the Three-Stripe Mark as it appears on footwear:

7-   COMPLAINT

21184-0096/LEGAL22283428.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222



24.     For more than twenty years, adidas has extensively used, advertised, and promoted the 3-Bars Logo with a wide variety of goods and services.

25.     adidas is the owner of a federal trademark registration, Reg. No. 2,411,802, issued by the PTO on December 12, 2000, for the 3-Bars Logo for a variety of goods, including "sports and leisure wear, namely shorts, pants, shirts, T-shirts, and jerseys." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 9**.

26.     adidas is the owner of a federal trademark registration, Reg. No. 2,179,796, issued by the PTO on August 11, 1998, for the 3-Bars Logo for a variety of apparel items, including "sports and leisure wear, namely shorts, pants, shirts, T-shirts, and jerseys." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 10**.

27.     adidas also owns numerous additional trademark registrations, a number of which are incontestable, for the 3-Bars Logo covering various items of apparel, footwear, sports equipment, and other goods and services, including Reg. Nos. 2,532,007, 2,651,325, 2,627,645, 3,357,349, 3,708,658, and 1,931,827. Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 11**.

28.     adidas's Three-Stripe Mark and 3-Bars Logo are well known and famous and have been for many years. adidas has used the Three-Stripe Mark and 3-Bars Logo in connection with

8-   COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

adidas's frequent sponsorship of sports tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has long-term relationships with Notre Dame, the University of California at Los Angeles, the University of Nebraska, the University of Michigan, and the University of Tennessee. Among many others, NBA stars Tim Duncan, Dwight Howard, and Derrick Rose, as well as baseball star Ryan Howard, and professional golfers Sergio Garcia and Reteif Goosen all are sponsored by adidas. For many years, adidas has been a sponsor of the FIFA World Cup soccer tournament, the world-famous Boston Marathon, and many other events, teams, and individuals.

29.    adidas's Three-Stripe Mark and 3-Bars Logo are particularly well known among soccer fans and consumers of soccer apparel. adidas is the exclusive apparel provider for Major League Soccer, for numerous well-known international club teams, and for many national soccer teams around the world, including Mexico, Germany, Spain, and Argentina. adidas was an official sponsor of the 2010 FIFA World Cup in South Africa, watched by millions in the United States and around the world. Many of the world's leading soccer players wore adidas apparel and cleats bearing the Three-Stripe Mark and the 3-Bars Logo, and the world champions, Spain, were sponsored by adidas and wore adidas apparel bearing the Three-Stripe Mark and the 3-Bars Logo throughout the tournament. adidas also sponsors numerous individual soccer stars, including David Beckham, Kaká, Zinedine Zidane, and Lionel Messi. Such prominent use of the Three-Stripe Mark and the 3-Bars Logo in connection with such widely viewed activities has further enhanced the recognition and fame of the Three-Stripe Mark and the 3-Bars Logo.

30.    adidas's Three-Stripe Mark and 3-Bars Logo are prominently featured on adidas's soccer jerseys and shorts, including the jerseys of the national and professional soccer teams that adidas sponsors. Examples of adidas's soccer jerseys and shorts are depicted below:

9-  COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222



**Spain 2010 - Home Jersey**



**Argentina 2010 – Home Jersey**



**Germany 2010 - Home Jersey**



**Mexico 2010 - Home Jersey**



**Bayern Munich – Home Jersey**



**Spain 2008-2009 Away Jersey**

10-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0096/LEGAL22283428.1



**Real Madrid – Home Jersey**



**Bayern Munich – Training Jersey**



**Mexico – Away Shorts**



**Liverpool FC – Home Shorts**



**Trio 11 – Men's Soccer Shorts**



**Equipo – Men's Soccer Shorts**

31.    As depicted in the above examples, adidas's famous Three-Stripe Mark typically runs the length of the sleeves on the soccer jerseys and on the outer seams of the shorts, whereas the 3-Bars Logo commonly appears on the chest of the soccer jerseys in the center or on the right side and on the bottom left-leg of the shorts.  The Three-Stripe Mark and the 3-Bars Logo are non-functional, and the public recognizes and understands that these marks distinguish and identify adidas's merchandise.

11- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0096/LEGAL22283428.1

32.     Unsolicited media coverage has referred to "the adidas stripes" (*The Oregonian*,
June 16, 2011), adidas's "ubiquitous three stripes" (*The Oregonian*, March 15, 2011), the
"trademark three-stripe logo" (*New York Times*, July 27, 2009), the "iconic three stripes"
(*Footwear News*, June 16, 2008), the "signature three stripes" (*L.A. Times*, August 13, 2004), the
"famous brand with the three stripes" (*San Francisco Chronicle*, July 7, 2002), and the
"legendary Adidas three stripes" (*Brand Strategy*, September 27, 1999).  This is particularly true
within the soccer arena.  Indeed, "[a]s the leading seller of soccer shoes, Adidas AG has long
been an official sponsor of the World Cup.  And every four years, when the tournament rolls
around, its shoe sales rise.  But typically, counterfeiters -- primarily in China -- also spring into
production." (*Corporate Counsel*, May 25, 2007).  As another author has noted:

> The German soccer team sports the Adidas brand, while Brazil wears the logo of
> Beaverton, Ore.-based Nike Inc.  Even the referee, the distinctive bald-headed Italian
> Pierluigi Collina, has appeared in an Adidas ad, and with more than one billion people
> worldwide expected to tune in to see Adidas' three stripes take on the Nike swoosh,
> branding doesn't get to be bigger than this.  But the sort of exposure that Adidas has had
> through this World Cup over recent weeks has its downside.  It has inspired
> counterfeiters to plaster the distinctive three stripes on everything they can think of . . .

Souder, Elizabeth, "adidas Relishes World Cup Branding, As Do Counterfeiters," *Associated*
*Press*, June 28, 2002.

33.     For decades, adidas has extensively and continuously used and promoted the
Three-Stripe Mark and the 3-Bars Logo in connection with apparel and footwear.  In recent
years, annual sales of products bearing the Three-Stripe Mark and 3-Bars Logo have totaled in
the billions of dollars globally and in the hundreds of millions of dollars within the United States.
The Three-Stripe Mark and 3-Bars Logo have achieved international fame and tremendous
public recognition.

34.     Since introducing its Three-Stripe Mark and 3-Bars Logo, adidas has spent
millions of dollars promoting the marks and products bearing the marks.  For example, in
March 2011, adidas launched an advertising campaign in the United States "featuring Chicago
Bulls guard Derrick Rose [], rapper B.o.B and pop singer Katy Perry, among others[,]" that

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

"highlights [adidas's] imprint on the worlds of sports, music and fashion[,]" and that "show[s] the breadth and depth of the Adidas brand[.]"  (Brettman, Allan, "Going 'All In' against Nike," *The Oregonian*, March 15, 2011).  A copy of the March 15, 2011 article from *The Oregonian* describing the new advertising campaign is attached as **Exhibit 12**.

35.     adidas also spends significant sums promoting its marks to soccer players and fans.  Indeed, adidas is "synonymous with the global game[.]"  (Brettman, Allan, "Adidas Takes Spotlight as MLS Season Kicks Off," *The Oregonian*, March 15, 2011.)  For example, adidas is not only the official supplier of gear to Major League Soccer, but it is also the league's official supplier of all league merchandise sold to fans.  Thus, "[w]hen the MLS season gets under way . . ., three stripes will be everywhere . . . ."  (*Id.*)  A copy of the article entitled "Adidas Takes Spotlight as MLS Season Kicks Off" from *The Oregonian* is attached as **Exhibit 13**.

36.     As a result of adidas's continuous and exclusive use of the Three-Stripe Mark and the 3-Bars Logo in connection with its products, the marks enjoy wide public acceptance and association with adidas, and have come to be recognized widely and favorably by the public as indicators of the origin of adidas's goods.

37.     As a result of adidas's extensive use and promotion of its Three-Stripe Mark and 3-Bars Logo, adidas has built up and now owns valuable goodwill that is symbolized by the marks.  The purchasing public has come to associate the Three-Stripe Mark and the 3-Bars Logo with adidas.

## V.     DEFENDANTS' UNLAWFUL ACTIVITIES

38.     On information and belief, Defendants are designing, manufacturing, sourcing, importing, distributing, marketing, promoting, offering for sale, and/or selling apparel in interstate commerce that constitute counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark and that are essentially knock-offs of authentic adidas soccer jerseys (the "Infringing Apparel").  Representative examples of Defendants' Infringing Apparel are depicted below:

13- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222




39.    On information and belief, Defendants were familiar with adidas's Three-Stripe

Mark and the 3-Bars Logo when Defendants began designing, manufacturing, sourcing,

importing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing

Apparel identified in this Complaint.  On further information and belief, Defendants intentionally

adopted and used substantially indistinguishable and confusingly similar imitations of the Three-

Stripe Mark and the 3-Bars Logo knowing that they would mislead and deceive consumers into

believing that the apparel was produced, authorized, or licensed by adidas, or that the apparel

originated from adidas.

40.    The Infringing Apparel designed, manufactured, sourced, imported, distributed,

marketed, promoted, offered for sale, and/or sold by Defendants is not manufactured by adidas.

Nor are Defendants associated or connected with adidas, or licensed, authorized, sponsored,

endorsed, or approved by adidas in any way.

41.    adidas used the Three-Stripe Mark and the 3-Bars Logo extensively and

continuously before Defendants began designing, manufacturing, sourcing, importing,

distributing, marketing, promoting, offering for sale, and/or selling counterfeit and/or

confusingly similar imitations of adidas's apparel.

42.    The apparel sold by Defendants is similar to, and competes with, goods sold by

adidas, and the parties' goods are sold through overlapping channels of trade.

14- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0096/LEGAL22283428.1

43.     Defendants' use of counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the apparel sold by Defendants is manufactured by, authorized by, or in some manner associated with adidas, which it is not. This risk is heightened by Defendants' website, which encourages consumers to "choose from any national or club team design that exists today." Defendants also reference national soccer teams in their product names. For example, the jersey-and-short set depicted above in Paragraph 38 is called the "SQ-ARG-HOME," a clear reference to the Argentina national team's home jersey.

44.     The likelihood of confusion, mistake, and deception engendered by Defendants' conduct is causing irreparable harm to the goodwill symbolized by both the Three-Stripe Mark and the 3-Bars Logo, as well as to the reputation for quality that these marks embody.

45.     Defendants' activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Defendants' Infringing Apparel at the point of sale or on a wearer are likely—due to Defendants' use of counterfeit and/or confusingly similar imitations of the Three-Stripe Mark and the 3-Bars Logo—to mistakenly attribute the product to adidas. This is particularly damaging with respect to those people who perceive a defect or lack of quality in Defendants' products. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the goodwill symbolized by both the Three-Stripe Mark and the 3-Bars Logo, as well as to the reputation for quality that these marks embody.

46.     On information and belief, Defendants continue to use counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo in connection with the sale of apparel that competes with apparel manufactured and sold by adidas. Defendants began selling the Infringing Apparel well after adidas had established protectable rights in its Three-Stripe Mark and 3-Bars Logo, and well after the Three-Stripe Mark and 3-Bars Logo had become famous.

15- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0096/LEGAL22283428.1

47.     On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo.

48.     Defendants' bad faith is evidenced not only by their use of counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo, but also by, *inter alia*, Defendants having positioned these counterfeit and/or confusingly similar imitations on Defendants' Infringing Apparel in the same manner as the Three-Stripe Mark and 3-Bars Logo are positioned on adidas's authentic jerseys and shorts:

**adidas's Authentic Apparel**          **Defendants' Infringing Apparel**

 

 

16-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0096/LEGAL22283428.1

## FIRST CLAIM FOR RELIEF
### (COUNTERFEITING)

49.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

50.    Defendants have knowingly manufactured, imported, distributed, marketed, promoted, offered for sale, and/or sold apparel that bears spurious marks that are identical to and substantially indistinguishable from adidas's Three-Stripe Mark.

51.    As a result of Defendants' manufacturing, importing, distributing, marketing, promoting, offering for sale, and/or selling of the Infringing Apparel, Defendants are using counterfeit marks, as that term is defined in 15 U.S.C. § 1116(d)(1)(B) of the Lanham Act, and, accordingly, Defendants are liable under the anti-counterfeiting provisions of the Lanham Act.

52.    Defendants' use of spurious marks identical to or substantially indistinguishable from the Three-Stripe Mark violates 15 U.S.C. § 1114, and Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to adidas's goodwill and reputation as symbolized by its federally registered marks, for which adidas has no adequate remedy at law.

53.    Defendants are likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.  Additionally, pursuant to 15 U.S.C. § 1117(b), adidas is entitled to trebling of the greater of profits or damages, and to prejudgment interest.  Alternatively, and at adidas's election, pursuant to 15 U.S.C. § 1117(c), adidas is entitled to recover statutory damages for Defendants' willful use of counterfeit marks.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement)

54.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

55.     Defendants' use of confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo is likely to cause confusion, deception, and mistake by creating the false and misleading impression that adidas's products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by adidas, or are associated or connected with adidas.

56.     Defendants have used marks confusingly similar to adidas's federally registered Three-Stripe Mark and 3-Bars Logo in violation of 15 U.S.C. § 1114. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the registered Three-Stripe Mark and 3-Bars Logo, for which adidas has no adequate remedy at law.

57.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered Three-Stripe Mark and 3-Bars Logo to adidas's great and irreparable injury.

58.     Defendants have caused and are likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition)

59.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

60.     Defendants' use of confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by adidas, are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

18- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

61.     Defendants have made false representations, false descriptions, and false designations of their goods in violation of 15 U.S.C. § 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark and 3-Bars Logo, for which adidas has no adequate remedy at law.

62.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark and 3-Bars Logo to the great and irreparable injury of adidas.

63.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

64.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

65.     Defendants have been and are passing off their goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with adidas, and otherwise damaging adidas and the consuming public.  Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California, CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009);

19- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

66.     Defendants' unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo has caused and is likely to cause substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover damages, and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

67.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

68.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of consumer confusion to the irreparable injury of adidas.  adidas has no adequate remedy at law for this injury.

69.     On information and belief, Defendants acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and 3-Bars Logo and without regard to the likelihood of confusion of the public created by Defendants' activities.

70.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark and 3-Bars Logo to the great and irreparable injury of adidas.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0096/LEGAL22283428.1

71.    As a result of Defendants' acts, adidas has been damaged in an amount not yet determined or ascertainable. At a minimum, however, adidas is entitled to injunctive relief, an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo, and the need to deter Defendants from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## SIXTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

72.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

73.    For decades, adidas has exclusively and continuously promoted and used the registered Three-Stripe Mark and 3-Bars Logo both in the United States and throughout the world. The marks, therefore, had become famous and well-known symbols of adidas and its products well before Defendants designed, sourced, manufactured, imported, distributed, marketed, promoted, offered for sale, and/or sold the apparel identified in this Complaint.

74.    Defendants are making use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark and 3-Bars Logo by eroding the public's exclusive identification of the famous Three-Stripe Mark and 3-Bars Logo with adidas, tarnishing and degrading the positive associations and prestigious connotations of the Three-Stripe Mark and 3-Bars Logo, and otherwise lessening the capacity of the Three-Stripe Mark and 3-Bars Logo to identify and distinguish adidas's goods.

75.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark and 3-Bars Logo or to cause dilution of the Three-Stripe Mark and 3-Bars Logo to the great and irreparable injury of adidas.

76.    Defendants have caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and distinctive Three-Stripe Mark and 3-Bars Logo in violation of 15 U.S.C. § 1125(c). adidas

therefore is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced

profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

### SEVENTH CLAIM FOR RELIEF
**(State Trademark Dilution and Injury to Business Reputation)**

77.    adidas repeats and incorporates by reference the allegations in the preceding
paragraphs.

78.    adidas has extensively and continuously promoted and used the registered Three-

Stripe Mark and 3-Bars Logo both in the United States and throughout the world, and the marks

had thereby become distinctive, famous, and well-known symbols of adidas's goods and services

well before Defendants designed, sourced, manufactured, imported, distributed, marketed,

promoted, offered for sale, and/or sold the apparel identified in this Complaint.

79.    Defendants' unauthorized imitations of adidas's Three-Stripe Mark and 3-Bars

Logo dilute and are likely to dilute the distinctiveness of adidas's marks by eroding the public's

exclusive identification of these famous and well-known marks with adidas, and tarnishing and

degrading the positive associations and prestigious connotations of the marks, and otherwise

lessening the capacity of the marks to identify and distinguish adidas's goods and services.

80.    Defendants are causing and will continue to cause irreparable injury to adidas's

goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous

Three-Stripe Mark and 3-Bars Logo in violation of the Oregon anti-dilution statute, O.R.S.

§ 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama,

ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona,

ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213

(2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN.

GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009);

Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451

22- COMPLAINT

21184-0096/LEGAL22283428.1

(2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009) Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009). adidas therefore is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.      Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

23-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

a.      using adidas's Three-Stripe Mark or 3-Bars Logo or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark or 3-Bars Logo on or in connection with Defendants' products;

b.      using any trademark, logo, design, or source designation of any kind on, or in connection with, Defendants' goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to adidas's Three-Stripe Mark or 3-Bars Logo;

c.      using any trademark, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by adidas, are sponsored or authorized by adidas, or are in any way connected or related to adidas;

d.      using any trademark, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of adidas; and

e.      passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

2.      Defendants be ordered to cease offering for sale, marketing, promoting, and selling, to remove from retail stores, and to recall and retrieve all products bearing the Three-Stripe Mark and/or the 3-Bars Logo or any other confusingly similar variation, which are in Defendants' possession or have been shipped by Defendants or under their authority, to any store or customer, including but not limited to, any wholesaler, distributor, distribution center, retail

24- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

store, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

3.      Defendants be ordered to deliver up for impoundment and for destruction, all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationary, or other materials in the possession, custody, or under the control of Defendants that are found to adopt, use, infringe, or dilute any of adidas's trademarks, or that otherwise unfairly compete with adidas and adidas's products;

4.      Defendants be compelled to account to adidas for any and all profits derived by Defendants from the sale or distribution of counterfeit or otherwise infringing goods as described in this Complaint;

5.      adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Defendants' knowing and intentional use of counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark and 3-Bars Logo, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. §§ 1117(a) and (b);

7.      Defendants be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.      Based on Defendants' willful and deliberate infringement and/or dilution of adidas's marks, and to deter such conduct in the future, adidas be awarded punitive damages;

9.      Defendants be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

10.      adidas have such other and further relief as the Court may deem just.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0096/LEGAL22283428.1

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED:  December 12, 2011          **PERKINS COIE LLP**

By: _Stephen M. Feldman_

Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr.
Charles H. Hooker III
Nichole Davis Chollet
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

26-  COMPLAINT

21184-0096/LEGAL22283428.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222